### WESTCOTT v. PLATT.

Notice of an appeal on an order made at a Special Term, must be served, both on the clerk and on the adverse party, within ten days after written notice of the order, or the appeal will be quashed. The omission to serve a notice of appeal in due time is not such an irregularity as can be waived by the court.

ON the 7th of November, 1848, an order in favor of the plaintiff was made in this cause at a Special Term of this court. On the 13th or 14th of November, the defendant had a written notice of the order. On the 24th of November, the defendant served on the adverse party a notice of appeal, and on the 25th of November, served a like notice on the clerk. Motion was ·now made to set aside the proceedings on that appeal, on the ground that " no appeal was taken or entered, or noticed, within the time limited by the statute."

*G. Bowman*, for the motion, cited 1 Barb. Ch. Pr. 400; *Townsend* v. *Townsend* (2 Paige, 413); *Barclay* v. *Brown* (7 Paige, 245); *Caldwell* v. *Mayor of Albany* (9 Paige, 572); *Gay* v. *Gay* (10 Paige 375), and the Code.

*Waters, contra.*

*Edmonds, J.:* This appeal was regular, except as to the time when it was taken. Notice of the appeal was served on the attorney on the 24th of November, and on the clerk on the 25th of November, and the order appealed from was served on the 13th of November. The time within which an act is to be done, is to be computed by excluding the first day

and including the last. (Code, § 368.) An appeal in the case of a special motion must be taken within ten days after written notice shall have been given (§ 280), and an appeal is made by service, on the adverse party, and the clerk, of a notice, etc., as required by section 275.

The first day which is to be excluded is the day on which the order was served, which is to be appealed from. In this case that was either the 13th or 14th of November, and, whichever it was, the service of the notice of appeal on the clerk, on the 25th, was not within ten days after the service of the order appealed from.

This is an irregularity which it is not in our power to waive. It is not merely a violation of our rules, which we may dispense with when the ends of justice require it, but is a departure from a statute requirement which we are expressly forbidden to waive, for section 366, which allows us to enlarge the time within which any proceeding must be had, expressly excepts the time within which an appeal must be taken.

The motion must, therefore, be granted, and the appeal be quashed.